## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

In Re: Robert Edward Fiedler
       Muriel Genene Fiedler

ROBERT EDWARD FIEDLER and
MURIEL GENENE FIEDLER,

           Appellants,

v.                                                                                  Case No.: 6:25-cv-112-WWB

US BANK TRUST N.A.,

           Appellee.
_____/

## ORDER ON APPEAL

THIS CAUSE is before the Court on Appellants' Emergency Renewed Motion for a Stay Pending Appeal (Doc. 26) and Appellee's Response in Opposition (Doc. 27).

On July 1, 2024, Appellants filed a petition in the United States Bankruptcy Court, Middle District of Florida, Orlando Division, seeking relief under Chapter 13 of Title 11 of the United States Code. (Doc. 7-7). On November 26, 2024, the Bankruptcy Court issued its Order Denying Confirmation of Plan and Dismissing Case with Two-Year Injunction, ("**Dismissal Order**," Doc. 7-2), concluding therein that Appellants had abused the bankruptcy system to improperly challenge a foreclosure judgment. (*Id.* at 2–4). The Bankruptcy Court accordingly dismissed Appellants' case. (*Id.* at 4–5).

Appellants brought the instant appeal and now seek a stay of the Dismissal Order. Pursuant to Federal Rule of Bankruptcy Procedure 8007(a)(1)(A), a party must ordinarily move first in the bankruptcy court for a stay of that court's "judgment, order, or decree pending appeal." Fed. R. Bankr. P. 8007(a)(1)(A). However, a party may instead move

for such relief in the court where the appeal is pending, provided that the motion "show[s] that moving first in the bankruptcy court would be impracticable" or, "if a motion has already been made in the bankruptcy court, state[s] whether the court has ruled on it, and if so, state[s] any reasons given for the ruling." Fed. R. Bankr. P. 8007(b)(1)–(2). Further, a motion to stay must include (1) "the reasons for granting the relief requested and the facts relied on"; (2) "affidavits or other sworn statements supporting facts subject to dispute"; and (3) "relevant parts of the record." Fed. R. Bankr. P. 8007(b)(3).

The Court previously denied Appellants' Amended Emergency and or Time-Sensitive Motion Seeking Stay (Doc. Nos. 16, 21) as procedurally deficient because Appellants had failed to comply with Rule 8007(b)(1)–(2) and to "cite to any relevant portions of the bankruptcy record or to cite the appropriate legal standard for granting a stay" in violation of Rule 8007(b)(3). (Doc. 21 at 2).

As an initial matter, the Motion fails to comply with Local Rule 3.01(g), which requires a moving party to include a certification that it conferred "with the opposing party in a good faith effort to resolve the motion." The Motion could be denied on this basis alone, but upon further review Appellants have also failed to correct the deficiencies previously noted by the Court. Although Appellants do now cite the applicable legal standard for granting a stay (Doc. 26 at 3), they do not include "affidavits or other sworn statements supporting facts subject to dispute" or citation to "relevant parts of the record" as required under Rule 8007(b)(3). Further, Appellants' attempt to comply with Rule 8007(b)(2)(A) is insufficient. Appellants state only that filing a motion to stay with the Bankruptcy Court would be impractical because "they directly appealed and requested a stay from the Eleventh Circuit." (Doc. 26 at 2). This statement, however, fails to explain

*why* Appellants took this course of action, and thus falls well short of showing that moving in the bankruptcy proceeding below was impractical.

Even if the Court could look beyond these issues, the Motion would still fail. The Dismissal Order lifted the automatic stay imposed by 11 U.S.C. § 362, allowing Appellee to proceed with a foreclosure sale of Appellants' real property. (Doc. 7-2 at 3–4). To stay the Dismissal Order, then, would effectively be to enjoin the state foreclosure proceedings. And pursuant to 28 U.S.C. § 2283, a "court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdictions, or to protect or effectuate its judgments."

Appellants have not pointed to any statutory authorization for the requested relief. Nor have they argued a stay is necessary to protect the Court's jurisdiction or to effectuate the Court's judgments. The Court concludes that 28 U.S.C. § 2283 precludes it from issuing the stay Appellants seek. Accordingly, it is **ORDERED** and **ADJUDGED** that Appellants' Emergency Renewed Motion for a Stay Pending Appeal (Doc. 26) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on July 1, 2025.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties