UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT EDWARD FIEDLER and
MURIEL GENENE FIEDLER,

        Appellants,

v.                                  Case No.: 6:25-cv-112-AGM

U.S. BANK TRUST, N.A.,

        Appellee.

_____

**OPINION**

Appellants Robert and Muriel Fiedler appeal the bankruptcy court's order dismissing their Chapter 13 bankruptcy case and imposing a two-year filing injunction.[1]  This Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1).  On review, the bankruptcy court's order is due to be affirmed for the reasons stated here.

## I.    BACKGROUND

In 2007, Robert Fiedler obtained a loan from World Savings Bank, FSB and, as part of that transaction, signed both a note and a mortgage encumbering property in Oviedo, Florida. The note was endorsed in blank and through a series of mergers and name changes, World Savings Bank became Wells Fargo Bank, N.A.  In 2012, Mr. Fiedler and Wells Fargo entered

---

[1] The bankruptcy case is *In re: Robert Edward Fiedler and Muriel Genene Fiedler*, 6:24-bk-03321-LVV.

into a modification agreement.  Then, in 2013, Mr. Fiedler defaulted on the loan by failing to pay the monthly installment due on August 1, 2013, and all subsequent monthly payments.

In 2015, Wells Fargo sued to foreclose the mortgage.  U.S. Bank Trust was later substituted as the party plaintiff in the foreclosure case.  After delays associated with the Fiedlers' multiple bankruptcies, appeals, and extraordinary writ petitions, U.S. Bank ultimately obtained a summary judgment of foreclosure on May 28, 2024, and the state court scheduled a foreclosure sale to occur on July 23, 2024.

The Fiedlers appealed and sought to stay the foreclosure sale.  When neither the trial nor appellate courts granted the stay, the Fiedlers filed the Chapter 13 bankruptcy case below on July 1, 2024, before the sale could be held.  Subsequently, the Fiedlers' state appeal was dismissed for lack of prosecution.

The Fiedlers filed a Chapter 13 plan in which they acknowledged U.S. Bank's secured claim but sought to avoid it.  (Doc. # 7-10.)  U.S. Bank moved to dismiss the bankruptcy case for cause as a bad faith filing.  (Doc. # 7-12.)  The Fiedlers responded by challenging the state court foreclosure judgment, arguing that the mortgage was improperly executed.

The bankruptcy court found that the Fiedlers' objections to U.S. Bank's claim were barred under the *Rooker-Feldman* doctrine[2] and it warned the Fiedlers that the bankruptcy

---

[2] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  The *Rooker–Feldman* doctrine provides that "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis,* 546 U.S. 459, 463 (2006).  The scope is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

The bankruptcy court found that the Fiedlers' objections to U.S. Bank's claim were thus barred under *Rooker-Feldman* and warned the Fiedlers not to use bankruptcy proceedings to try and overturn the judgment.  This

2

proceedings could not be used to overturn the judgment. The bankruptcy court deferred ruling on U.S. Bank's motion to dismiss and provided the Fiedlers an opportunity to file an amended plan that would provide for payments to U.S. Bank. Although the bankruptcy court made clear that the purpose of the deferral was to give the Fiedlers an opportunity to show that the bankruptcy case had been filed in good faith, the Fiedlers failed to heed the court's direction and continued to challenge the validity of the state court foreclosure judgment. (*See* Doc. # 18 at 9–12; Doc. # 7-2 at 3.)

In February 2025, the bankruptcy court issued an order granting U.S. Bank's motion to dismiss. (See Doc. # 7-2.) The bankruptcy court found that the Fiedlers had filed the action in bad faith. It issued a two-year injunction prohibiting further bankruptcy filings. In its dismissal order, the Court found that (1) Mr. Fiedler filed eight bankruptcy cases, with the case below being the second Chapter 13 filing within two years; (2) the Fiedlers ignored the court's warnings and continued to challenge the state court foreclosure judgment; and (3) the circumstances showed that the Fiedlers were abusing the bankruptcy system to delay enforcement of the state court foreclosure judgment.

The Fiedlers moved for reconsideration, once again challenging the validity of the state court foreclosure judgment. (Doc. # 7-63.) The motion was denied and this appeal followed. (Doc. # 7-66.)

---

Court agrees with that finding. To the extent the Fiedlers continue to challenge the validity of the foreclosure judgment on this appeal, those arguments will not be considered. The Court's analysis will be confined to whether the bankruptcy court erred in (1) dismissing the case for bad faith and (2) issuing an injunction.

## II.    STANDARD OF REVIEW

On appeal, the bankruptcy court's findings of fact are reviewed under a "clearly erroneous" standard and its conclusions of law are reviewed de novo. *In re Chase & Sanborn Corp.*, 904 F.2d 588, 593 (11th Cir. 1990).

## III.    ANALYSIS

### A.  Bad Faith

A Chapter 13 bankruptcy plan must meet the six criteria of 11 U.S.C. § 1325(a) and, under 11 U.S.C. § 1325(a)(3), the plan proposed must be made in good faith. Section 1307(c) of the Bankruptcy Code states that a Chapter 13 case may be dismissed "for cause" and provides a non-exhaustive list of what constitutes "cause" for dismissal. While not specifically listed, bad faith is recognized as cause for dismissal under section 1307(c). *Marrama v. Citizens Bank of Mass.,* 549 U.S. 365, 373 (2007).

When conducting a bad faith analysis, a bankruptcy court considers the totality of the facts and circumstances. *Kitchens v. Georgia R.R. Bank and Trust Co. (In re Kitchens),* 702 F.2d 885, 888–89 (11th Cir. 1983). Among the various factors it considers are "the motivations of the debtor and his sincerity in seeking relief under the provisions of Chapter 13;" "the debtor's degree of effort;" "the frequency with which the debtor has sought relief under the Bankruptcy Reform Act and its predecessors;" and "the circumstances under which the debtor has contracted his debts and his demonstrated bona fides, or lack of same, in dealings with his creditors." *Id.* at 889. Ultimately, the bankruptcy court looks at whether the debtor showed a sincere intent to repay his creditor to the best of his ability, as opposed to attempting to defer or avoid legitimate claims. *See id.*

4

Here, the bankruptcy court properly determined that the Fiedlers had filed for bankruptcy in bad faith. Its finding is well supported by the following facts: (1) at the time that the Fiedlers filed the bankruptcy case, the property was scheduled for a foreclosure sale; (2) the Fiedlers admitted that their intent in filing for bankruptcy was to prevent the sale of their home; (3) the Fiedlers filed multiple bankruptcy cases within a short time period; (4) the Fiedlers repeatedly challenged the validity of the state court foreclosure judgment before the bankruptcy court, despite the bankruptcy court's ruling that the challenge was barred under the *Rooker-Feldman* doctrine; and (5) when given the opportunity to save the property by making payments to U.S. Bank, the Fiedlers instead continued to attack the foreclosure judgment. On appeal, the Fiedlers admit that they "filed bankruptcy to prevent US Bank from selling their home" in their initial brief. (Doc. # 13 at 11.)

The bankruptcy court gave the Fiedlers ample opportunity to demonstrate their intentions and save their home. Instead, the Fiedlers attempted to use bankruptcy to frustrate foreclosure proceedings. Based on the evidence before the Court, the bankruptcy court did not err in dismissing the case as a bad faith filing.

## B. Injunction

Under 11 U.S.C. § 105(a), bankruptcy courts may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). This includes "taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *Id.* Serial bankruptcy filings in bad faith are sufficient good cause to issue a filing injunction. *In re Zalloum*, No. 6:17-AP-00068-KSJ, 2019 WL 2754660, at *8 (Bankr. M.D. Fla. July 1, 2019).

Here, the Fiedlers have not demonstrated error in the bankruptcy court's issuance of the injunction.  The bankruptcy case below is one of eight filed by Mr. Fiedler, and his second within the last two years.  Through multiple filings, cases, and the instant appeal, the Fiedlers have obtained a lengthy delay of foreclosure on their property.  The Fiedlers' own filing in this appeal states that the bankruptcy was filed "to prevent US Bank from selling their home."

## IV.    CONCLUSION

The order under review is affirmed.

Accordingly, it is now

**ORDERED** and **ADJUDGED** that:

1.    The bankruptcy court's order is **AFFIRMED**;

2.    The Motion to Expedite Ruling (Doc. # 30) is **DENIED** as moot; and

3.    The Clerk is directed to enter judgment for the Appellee, to close the case, and to transmit a copy of this order to the Clerk of the United States Bankruptcy Court for the Middle District of Florida.

**DONE** and **ORDERED** in Chambers in Orlando, Florida, on April 20, 2026.

ANNE-LEIGH GAYLORD MOE
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Pro Se Parties
Counsel of Reco

6